IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRITT JARRIEL HAMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 25-3107-JWL |
| ) | |
| C. CARTER, Warden, FCI-Leavenworth; ) | |
| f/n/u HEART, Captain; and ) | |
| f/n/u COLLINS, Case Manager, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* document entitled "Writ of Mandamus," which the Court has interpreted as a petition for habeas corpus under 28 U.S.C. § 2241, by which petitioner seeks application of his First Step Act (FSA) credits and his release from prison. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner is imprisoned within this judicial district, and he has a projected release date of December 5, 2026. Petitioner claims that Bureau of Prisons (BOP) officials have improperly refused to give him credit for a programming activity that he completed, and that such credit would allow his recidivism risk to be reduced, with the result that he would be entitled to immediate release with application of his earned FSA credits. The Court set deadlines for the parties to file an answer and a traverse, and respondents filed an answer

---

[1] In addition, petitioner's motion to proceed without payment of the filing fee (Doc. # 5) is hereby **denied as moot**, in light of the fact that petitioner had already paid the fee.

to the petition; but although petitioner filed a motion to proceed without payment of the filing fee (although he had already paid the fee), he did not file a traverse or reply brief by the Court's deadline of August 4, 2025. Accordingly, this matter is ripe for review.

As an initial matter, respondents argue that petitioner should be deemed not to have exhausted his administrative remedies as required. Respondents concede, however, that petitioner did file the final administrative appeal required, with a response due by July 28, 2025. Respondents have not notified the Court that the petition has been mooted by a favorable decision on that final appeal. Accordingly, the Court declines to dismiss the petition based on a failure to exhaust.

The Court does deny the petition on its merits, however, as petitioner has not shown that BOP officials violated any law in refusing to apply FSA credits and grant him his release. First, according to the petition and respondents' evidence, petitioner did not complete the subject programming activity until after the last assessment of his recidivism risk in February 2025, and therefore petitioner would not be given credit for that activity until his next assessment to be conducted in August 2025. Petitioner, however, has cited no authority requiring more frequent assessments of his risk of recidivism.

Second, respondents have submitted evidence, not contested by petitioner, that petitioner has already received the maximum number of points for such activities for the purpose of his recidivism risk assessment. Thus, petitioner has not shown that immediate consideration of that activity would change his risk score under the PATTERN test.

Third, even if petitioner could show that he is entitled to be assessed at lower risk level (he has not made that showing), he would still not be entitled to application of his

credits and immediate release from prison.  Under the applicable statute, FSA credits earned by petitioner may not be applied to his sentence if he has not been determined to be a minimum or low risk to recidivate *in his last two assessments* (unless his release has been approved by the warden).  *See* 18 U.S.C. § 3624(g)(1)(D).  Petitioner was determined to have a medium risk of recidivism at his last assessment in February 2025, and he has never received a minimum or low risk assessment.  Thus, even if he were granted a low assessment at this time, he still would not have received the required two consecutive minimum or low risk assessments needed for application of his FSA credits.[2]

Accordingly, petitioner has not shown that he is entitled to application of his FSA credits against his sentence, and the Court therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without prepayment of the filing fee (Doc. # 5) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 18th day of August, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2]  In addition, because petitioner has not shown a violation of the FSA in this case, he has no liberty interest in his earned FSA credits, and he has no constitutional right to a reduced sentence or to release before expiration of his valid sentence.  *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998).